**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HOWARD, GARY FRASER, and GLENROY SCHAD, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> RYDER TRUCK RENTAL, INC., AKA Ryder System, Inc., AKA Ryder Transportation Services, <br><br> Defendants - Appellees. | No. 12-15530 <br><br> D.C. No. 2:10-cv-01473-HRH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted February 14, 2014
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

John Howard, Gary Fraser, and Glenroy Schad (collectively, Plaintiffs) appeal the district court's entry of summary judgment in favor of their former employer, Ryder Truck Rental, Inc. (Ryder). They allege that their termination violated the Age Discrimination in Employment Act and that Ryder humiliated them by broadcasting their terminations on its closed-circuit television system.

1.     Plaintiffs failed to raise a material issue of fact regarding whether Ryder's stated reason for their terminations was a pretext for discrimination. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113-14 (9th Cir. 2011) (requiring the production of "specific and substantial" circumstantial evidence to raise a material issue of fact regarding pretext).

2.     The district court acted within its discretion when it excluded Plaintiffs' expert's report from consideration. The expert's report addressed matters within the common knowledge of the average layperson, and thus, would not be helpful to the trier of fact. *See* Fed. R. Evid. 702; *see also Ward v. Westland Plastics, Inc.*, 651 F.2d 1266, 1271 (9th Cir. 1980) ("The question whether gender was the basis of differential treatment is not so technical as to require the aid of an expert to enlighten the jury or court.…").

3.     The district court did not err by granting summary judgment to Ryder on Plaintiffs' intentional infliction of emotional distress claim because Ryder's

alleged conduct in broadcasting Plaintiffs' terminations on closed-circuit television monitors was not sufficiently "extreme and outrageous" as to constitute intentional infliction of emotional distress. *Nelson v. Phoenix Resort Corp.*, 888 P.2d 1375, 1386-87 (Ariz. Ct. App. 1994).

**AFFIRMED**.